UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

IN RE:                                                                        **CASE NO. 04-14112**

**FORTUNE NATURAL**                             SECTION "B"
**RESOURCES CORPORATION**
    Debtor                                                           CHAPTER 11

**MEMORANDUM OPINION**

This matter came before the court as a hearing on the motion for reconsideration, to amend judgment or alternatively, for new trial **(P. 631)** filed by Barry W. Blank and the Barry W. Blank Living Trust (collectively "Blank") and the opposition filed to the motion **(P. 654)** by Fortune Natural Resources Corp. ("Fortune"). Blank asks that the court reconsider its approval of a compromise or settlement confected between Fortune and EnerQuest Oil & Gas, L.L.C. ("EnerQuest"), entered on January 31, 2005. The matter was heard in conjunction with the hearing on confirmation of the debtor's plan of reorganization, which occurred over a nine-day period on March 10, 11, 28, 31, April 1, 29, May 6, 19 and 26, 2005.

I. **Background**.

Prior to the Chapter 11 filing, EnerQuest had an agreement with the debtor whereby EnerQuest would exchange its claims for unpaid loans made to the debtor for all or substantially all of the stock of Fortune under an agreed upon pre-packaged plan of reorganization. The claims stemmed from loans which exceeded $1,200,000 made by EnerQuest to the debtor for working capital and to enable the debtor to pay ordinary business expenses. In exchange for the claims, the debtor was to cooperate in a pre-packaged plan under which EnerQuest would own the majority of the debtor's common stock. An agreement to this effect was executed by

EnerQuest and the debtor on April 1, 2003. EnerQuest also executed a debt restructuring agreement dated as of May 22, 2003, which it forwarded to the debtor, and requested that Fortune commence the pre-bankruptcy solicitation of acceptances of the plan pursuant to the agreement.

The debtor did not execute the restructuring agreement. Instead, it notified EnerQuest on July 1, 2003 that it would not perform the April 1, 2003 agreement. EnerQuest filed suit for damages in the United States District Court for the Western District of Oklahoma.[1] Two days later, EnerQuest sold its claims to a third party, but reserved the claims asserted in the Oklahoma litigation.

The settlement agreement approved by this court on January 31, 2005 provides as follows: (i) EnerQuest's contingent and unliquidated claim against the debtor for alleged damages for the pre-petition breach of the April 1, 2003 agreement be settled in the amount of $8,000,000, and the claim allowed in the debtor's bankruptcy proceedings; (ii) the debtor's claims against EnerQuest be released; (iii) EnerQuest receive 100% of the common stock of Reorganized Fortune under the debtor's plan of reorganization; (iv) EnerQuest sponsor the debtor's plan; (v) EnerQuest invest $2,404,823 in New Fortune, drill seven oil and gas wells with New Fortune receiving a 100% back-in interest after payout; provide administrative services to New Fortune; make post-confirmation loans to New Fortune for costs and expenses incurred in participating in three exploration and development programs; (vi) EnerQuest be allocated an ownership interest in New Fortune; (vii) Fortune's assets be allocated to New Fortune and Reorganized Fortune, as specified; and (viii) termination of the settlement prior to confirmation if a Plan is not confirmed by February 28, 2005 or other agreed upon date, or if the

---

[1] Case No. Civ. 03-1062-C.

loan or operating agreement between EnerQuest and Fortune terminates, in which event EnerQuest will be paid for fees, costs and expenses incurred, and the other provisions of the settlement will be null and void.

On January 12 and 13, 2005, a hearing was held on the motion to approve the above-described compromise, at which time the court heard the testimony of the debtor's witness, received evidence and heard the statements of counsel. Several objections had been filed to the motion to approve compromise, including those of: C.K. Cooper and Company, Inc. (P. 539), the Unsecured Creditors Committee (P. 547, 552), Blank (P. 549), Kenneth Moore (P. 554) and Sherrill M. Baird (P. 548). Prior to the hearing on the matter, the debtor agreed to a compromise with the Unsecured Creditors Committee resolving the terms of a Plan and the settlement with EnerQuest. After hearing the testimony of the witness, reviewing the exhibits and hearing the statements of counsel, the court overruled objections to the compromise and approved the compromise. On January 31, 2005, the court entered an order approving the debtor's motion to settle with EnerQuest. On February 7, 2005, Barry W. Blank and the Barry W. Blank Living Trust (collectively "Blank") timely filed this motion to reconsider, to amend judgment and/or for new trial under Federal Rule of Civil Procedure 59 and Bankruptcy Rule 9023.

2. **Standard of Review**.

Bankruptcy Rule 9023 provides in part as follows:

**New Trials; Amendment of Judgments**

> **(a) Grounds**. A new trial may be granted to all or any of the parties and on all or part of the issues (1) in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States; and (2) in an action tried without a jury, for any of the reasons for which rehearings have heretofore been granted in suits in equity in the court of the United States. On a motion for a new trial in an action tried without a jury, the court may open the judgment if one has been

>entered, take additional testimony, amend findings of fact and conclusions of law or make new findings and conclusions, and direct the entry of a new judgment.

>\* \* \*

>**(e) Motion to Alter or Amend Judgment**. Any motion to alter or amend a judgment must be filed no later than 10 days after entry of the judgment.

Rule 9023 makes applicable Federal Rule of Civil Procedure 59. Rule 9023 does not provide specific grounds on which a court may grant a new trial or amend a judgment. The usual grounds for seeking new trial or amendment are the presence of manifest error of law or mistake of fact or newly discovered evidence.[2] The burden is on the party seeking reconsideration to show the existence of an error or newly discovered evidence.[3] Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly.[4] A motion made under Rule 59(e) is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment."[5] As stated in *In re Halko*[6]:

>The function of a [Rule 59(e)] motion to alter or amend a judgment is not to serve as a vehicle to relitigate old matters or present the case under a new legal theory. . . . Moreover, the purpose of such a motion "is not to give the moving party another 'bite at the apple' by permitting the arguing of issues and procedures that could and should have been raised prior to judgment." . . . The rulings of a bankruptcy court "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure" . . . "A motion brought under Rule 59(e) is not a procedural folly to be filed by a losing party who simply

---

[2] 12 Moore's Federal Practice, sec.59.13[3][a] (Matthew Bender 3rd ed.); *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989).

[3] *In re Crozier Bros., Inc.*, 60 B.R. 683, 688 (Bankr. S.D.N.Y. 1986).

[4] *Templet v. Hydrochem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004), *citing Clancy v. Employers Heath Ins. Co*, 101 F. Supp. 2d 463, 465 (E.D. La. 2000).

[5] *Templet*, 367 F.3d at 478 479, *citing Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990).

[6] 203 B.R. 668 (Bankr. N.D. Ill. 1996)(internal citations omitted).

disagrees with the decision; otherwise, the court would be inundated with motions from dissatisfied litigants."[7]

In its motion and supporting memorandum, Blank asserts that the settlement order was granted based upon several manifest errors of law and fact, including that: (i) the settlement is not a settlement of a claim; instead, it is part of a settlement of the terms of a plan which is prohibited under Fifth Circuit jurisprudence; (ii) the justification for the settlement, i.e., to lock EnerQuest into terms of the settlement and the plan, is illusory; and (iii) no evidence was presented that would support an award of a "break-up" fee to EnerQuest in the event the settlement was terminated. These very same objections and arguments were raised prior to or at the hearing held on the motion for authority to compromise, considered by the court, and ultimately overruled in making the decision to approve the compromise. Blank has failed to meet its burden of proving either manifest error of law or fact or the existence of newly discovered evidence sufficient to allow the court to grant a motion made under Rule 59. Instead, the arguments presented in favor of reconsideration and/or new trial simply rehash arguments which were already made, and rejected by the court, in the initial hearing that resulted in approval of the compromise.

For the foregoing reasons, the court will enter an order denying the motion for reconsideration, to amend judgment or alternatively, for new trial.

New Orleans, Louisiana, July 18, 2005.

*J. A. Brown*
———————————————
Jerry A. Brown
U.S. Bankruptcy Judge

---

[7] *Id.* at 671-72.