**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **IN RE: FORTUNE NATURAL RESOURCES CORPORATION,** | **CASE NO. 04-14112** |
| | **SECTION "B"** |
| **DEBTOR** | **CHAPTER 11** |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW WITH RESPECT TO MOTION TO ASSUME AND ASSIGN INTEREST AND/OR EXECUTORY CONTRACTS TO SUNDOWN ENERGY, L.P.**

On the 13th day of September, 2005, there came on for hearing (the "Assumption Hearing") the Motion to Assume and Assign Interest and/or Executory Contracts or Alternatively the Highest Bidder (the "Assumption Motion") filed by Fortune Natural Resources Corporation, the debtor and debtor-in-possession herein (the "Debtor"), due notice of the Assumption Hearing having been given to all parties entitled thereto. Objections to the Assumption Motion had been filed by the Unsecured Creditor Committee (the "Committee"), Barry Blank and the Barry Blank Living Trust (collectively "Blank"), Blue Flame Capital, LLC ("Blue Flame"), Sundown Energy, LP ("Sundown"), and Channel Exploration, LLC ("Channel"). Present in court at the Assumption Hearing were William E. Steffes and Mark S. Goldstein, attorneys for the Debtor, Louis M. Phillips and David S. Messina, attorneys for Blank, Phillip K. Jones, attorney for Blue Flame, Phillip J. McNutt and Albert J. Derbes IV, attorneys for the Committee, Elizabeth J. Futrell, attorney for Sundown. Randall A. Rios, attorney for Channel, participated in the Assumption Hearing by telephone. Also present in court was John Ales, attorney for Millennium Offshore Group, Inc. ("Millennium"), and Sessions Ault Hootsell III, attorney for EnerQuest Oil & Gas, LLC. ("EnerQuest").

{B0344329.2}

In response to the objections to the Assumption Motion, counsel for both the Debtor and EnerQuest clarified that, notwithstanding alleged ambiguous language in the Put Option Agreement signed on July 15, 2005, by and between Sundown and the Debtor (the "Put Option Agreement"), 100% of the proceeds of the sale of, and assumption and assignment of, Fortune's interests in the Exploration Agreement, the Operations Sharing Agreement, Channel, and Fortune's interests in the prospects, oil and gas leases and other properties and agreements described in and made the subject of the Prime-Sundown Sale Agreement (collectively, the "Fortune Assets") [as those capitalized terms are defined in the Assumption Motion] shall be paid to and be property of the Debtor's estate, subject to any liens, claims, or encumbrances attaching to such proceeds. Counsel for the Debtor and Sundown also submitted the attached written Stipulation, thereby resolving the objection of Sundown (the "Stipulation"). Finally, counsel for the Debtor, EnerQuest, Blue Flame, Blank, and the Committee agreed to a stipulation, as set forth herein, with respect to the use of the proceeds (1) to make payment to EnerQuest for its post-petition loan to the Debtor, and (2) for payment of other expenses and liabilities of the Debtor. Based on the foregoing, in open court, Sundown, Blank, Blue Flame, the Committee, and Channel withdrew their respective objections to the Assumption Motion. Due to the necessity that, under the Put Option Agreement, a closing of the proposed sale of, and assumption and assignment of, the Fortune Assets occur on an expedited basis, counsel for the Debtor orally moved the Court to make this Order granting the Assumption Motion immediately exigible as permitted under Bankruptcy Rule 6006(d) and no objection to that relief was voiced by any party. The Court hereby authorizes the submission of these written findings of fact and conclusions of law by counsel for the Debtor.

Considering the withdrawal of all objections to the Assumption Motion, and the arguments, statements, and representations by all counsel, the record in the Debtor's chapter 11 case, it appearing that it is in the best interest of creditors, shareholders, and the estate that the Assumption Motion be granted, the court hereby finds as follows:

**IT IS HEREBY FOUND AND DETERMINED THAT:**

A. This court has jurisdiction over the Assumption Motion pursuant to 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). The statutory predicates for the relief sought in the Assumption Motion are Sections 105(a), 363(b), (f), (m) and (n), 365 and 1146(c) of the Bankruptcy Code and Rules 2002, 6004, 6006, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

B. Proper, timely, adequate and sufficient notice were given of the Assumption Motion, the Assumption Hearing, and the transactions contemplated in the Assumption Motion, including but not limited to the Debtor's assumption and assignment to Sundown of all of the Debtor's interests in (a) the Exploration Agreement, (b) the Operations Sharing Agreement, (c) the oil and gas leases covered by the Put Option Agreement, (d) Channel, to the extent that such Channel interests are considered to be executory contracts, and (e) any other executory contract or unexpired lease covered by the Put Option Agreement (sometimes collectively referred to hereinafter as the "Assumption and Assignment").

C. Other than this Order, no consents or approvals are necessary for the Debtor to consummate the Assumption and Assignment.

D. Approval of the Assumption and Assignment in accordance with the terms of this Order is in the best interests of the creditors of this chapter 11 case.

{B0344329.2}

E. The Debtor has demonstrated good and sufficient business and other reasons to justify the consummation of the Assumption and Assignment.

F. A reasonable opportunity to object or be heard with respect to the Assumption Motion and the relief requested therein has been afforded to all interested persons and entities.

G. There are no defaults under 11 U.S.C. § 365(b)(1)(A) or (B) in any of the contracts or leases to be assumed and assigned to Sundown, as contemplated by the Put Option Agreement and this Order, and the proposed assignment to Sundown is sufficient to provide adequate assurance of future performance as required by 11 U.S.C. § 365(b)(1)(C).

H. To the extent that they are executory contracts or unexpired leases, 11 U.S.C. § 365(f)(1)(A) does not prohibit the assignments to Sundown that are contemplated in the Put Option Agreement.

I. Sundown is a good faith party to Put Option Agreement.

J. The consideration provided by Sundown for the Assumption and Assignment (a) is fair and reasonable, (b) is the highest and best offer available under the circumstances, and (c) constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code and other applicable law.

K. Accordingly, the Court will enter a separate Order in accordance with these findings of fact and conclusions of law.

{B0344329.2}

SIGNED at Baton Rouge, Louisiana, this 20th day of September, 2005.

*J. A. Brown*
_____
UNITED STATES BANKRUPTCY JUDGE

{B0344329.2}

{B0344329.2}