IN THE UNITED STATES BANKRUPTCY COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

IN RE:                                                                                                Case No: 04-14112

                                                                                                Chapter 11

FORTUNE NATURAL
RESOURCES CORPORATION

      Debtor                                          Section "B"

**FINDINGS OF FACT AND CONCLUSIONS OF LAW WITH RESPECT TO MOTION FOR EMERGENCY ORDER AND FINAL ORDER APPROVING SIXTH AMENDMENT TO AMENDED AND RESTATED POST-PETITION LOAN AND SECURITY AGREEMENT**

On the 13th day of September, 2005, there came on for emergency interim hearing (the "DIP Hearing") the *Motion for Emergency Order and Final Order Approving Sixth Amendment to Amended and Restated Post-Petition Loan and Security Agreement* (the "DIP Motion") filed by Fortune Natural Resources Corporation, the debtor and debtor-in-possession herein (the "Debtor"), due notice of said emergency interim hearing having been given to all parties entitled thereto. Objections to the DIP Motion had been filed by the Unsecured Creditor Committee ("the "Committee") and Barry Blank and the Barry Blank Living Trust (collectively "Blank"). Present in court at the DIP Hearing were William E. Steffes and Mark S. Goldstein, attorneys for the Debtor, Louis M. Phillips and David S. Messina, attorneys for Blank, and Phillip J. McNutt and Albert J. Derbes IV, attorneys for the Committee. Also present in court were Elizabeth J. Futrell, attorney for Sundown Energy, LP ("Sundown"), Phillip K. Jones, attorney for Blue Flame Capital, LLC ("Blue Flame"), John Ales, attorney for Millennium Offshore Group, Inc. ("Millennium"), Sessions Ault Hootsell III, attorney for

EnerQuest Oil & Gas, LLC. ("EnerQuest"), and by telephone, Randall A. Rios, attorney for Channel Exploration, LLC ("Channel"). In response to the objections filed by the Committee and Blank, counsel for the Debtor entered into stipulations as reflected in this Order. Based upon such stipulations, counsel for the Committee and Blank withdrew their objections in open court. The Court hereby authorizes the submission of these written findings of fact and conclusions of law by counsel for the Debtor.

Considering the withdrawal of all objections to the DIP Motion, and the arguments, statements, and representations by all counsel, the record in the Debtor's chapter 11 case, it appearing that it is in the best interest of creditors, shareholders, and the estate that the DIP Motion be granted on an emergency, interim basis, the court hereby finds as follows:

**IT IS HEREBY FOUND AND DETERMINED THAT**:

A. This Court's consideration of the DIP Motion constitutes a "core" matter within the meaning of 28 U.S.C. § 157. This Court has jurisdiction over the DIP Motion pursuant to 28 U.S.C. §§ 157 and 1334.

B. Pending a final hearing on the DIP Motion (the "Final Hearing"), an immediate and critical need exists for the Debtor to borrow additional money ("Additional Financing") from EnerQuest on the terms set forth in the Amended and Restated Post-Petition Loan and Security Agreement dated as of October 6, 2004 by and between the Debtor and EnerQuest, as amended, (the "Post-Petition Loan Agreement") in order to preserve and maintain valuable assets of this estate.

C. The Debtor must immediately obtain and utilize the Additional Financing if it is to continue operations and have an opportunity to successfully reorganize.

Without the Additional Financing, the Debtor will be unable to operate, or preserve, protect, and maintain its property.

D. The Debtor has been unable to obtain the Additional Financing in the form of unsecured credit allowable under section 503(b)(1) of the Bankruptcy Code sufficient for it to maintain, preserve, and protect the Debtor's assets.

E. Based upon the record and representations of counsel for the Debtor, the Additional Financing is reasonable, necessary, fair, and equitable. The entry of an Interim Order (a) will increase the likelihood that the Debtor may successfully reorganize under the Bankruptcy Code, (b) is in the best interest of the Debtor and its estate, (c) is necessary to avoid immediate and irreparable harm to the Debtor, its business, and its assets, and (d) is necessary to avoid immediate and irreparable harm to the Debtor's estate pending the Final Hearing.

F. The terms and conditions of the Additional Financing have been negotiated in good faith and at arm's length between the Debtor and EnerQuest, with each party represented by counsel; therefore, any credit that EnerQuest extends to the Debtor under the Interim DIP Order will be extended in good faith, as that term is used in section 364(c) of the Bankruptcy Code.

G. Good cause has been shown for the entry of the Interim DIP Order.

H. Accordingly, the Court will enter a separate Order in accordance with these findings of fact and conclusions of law.

**SIGNED** at Baton Rouge, Louisiana, this 20th day of September 2005.

*J. A. Brown*
UNITED STATES BANKRUPTCY JUDGE

Order Submitted By:

William E. Steffes, LA Bar #12426
Steffes, Vingiello & McKenzie
3029 S. Sherwood Forest Blvd.
Suite 100
Baton Rouge, Louisiana 70816
Telephone: 225.368.1006
Fax: 225.368.0696
Email: *bsteffes@steffeslaw.com*