**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **IN RE: FORTUNE NATURAL RESOURCES CORPORATION,** | **CASE NO. 04-14112** |
| | **SECTION "B"** |
| **DEBTOR** | **CHAPTER 11** |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW WITH RESPECT TO MOTION TO SELL ESTATE PROPERTY FREE AND CLEAR OF LIENS AND ENCUMBRANCES PURSUANT TO 11 U.S.C. § 363**

On the 13th day of September, 2005, there came on for hearing (the "Sale Hearing") the Motion to Sell Estate Property Free and Clear of Liens and Encumbrances Pursuant to 11 U.S.C. § 363 (the "Sale Motion") filed by Fortune Natural Resources Corporation, the debtor and debtor-in-possession herein (the "Debtor"), due notice of the Sale Hearing having been given to all parties entitled thereto. Objections to the Sale Motion had been filed by the Unsecured Creditor Committee (the "Committee"), Barry Blank and the Barry Blank Living Trust (collectively "Blank"), Blue Flame Capital, LLC ("Blue Flame"), Sundown Energy, LP ("Sundown"), and Channel Exploration, LLC ("Channel"). Present in court at the Sale Hearing were William E. Steffes and Mark S. Goldstein, attorneys for the Debtor, Louis M. Phillips and David S. Messina, attorneys for Blank, Phillip K. Jones, attorney for Blue Flame, Phillip J. McNutt and Albert J. Derbes IV, attorneys for the Committee, Elizabeth J. Futrell, attorney for Sundown. Randall A. Rios, attorney for Channel, participated in the Sale Hearing by telephone. Also present in court was John Ales, attorney for Millennium Offshore Group, Inc. ("Millennium"), and Sessions Ault Hootsell III, attorney for EnerQuest Oil & Gas, LLC. ("EnerQuest").

{B0344435.1}

In response to the objections to the Sale Motion, counsel for both the Debtor and EnerQuest clarified that, notwithstanding alleged ambiguous language in the Put Option Agreement signed on July 15, 2005, by and between Sundown and the Debtor (the "Put Option Agreement"), 100% of the proceeds of the sale of, and assumption and assignment of, Fortune's interests in the Exploration Agreement, the Operations Sharing Agreement, Channel, and Fortune's interests in the prospects, oil and gas leases and other properties and agreements described in and made the subject of the Prime-Sundown Sale Agreement (collectively, the "Fortune Assets") [as those capitalized terms are defined in the Sale Motion] shall be paid to and be property of the Debtor's estate, subject to any liens, claims, or encumbrances attaching to the proceeds in their lawful rank and priority. Counsel for the Debtor and Sundown also submitted the attached written Stipulation, thereby resolving the objection of Sundown (the "Stipulation"). Finally, counsel for the Debtor, EnerQuest, Blue Flame, Blank, and the Committee agreed to a stipulation, as set forth herein, with respect to the use of the proceeds (1) to make payment to EnerQuest for its post-petition loan to the Debtor, and (2) for payment of other expenses and liabilities of the Debtor. Based on the foregoing, in open court, Sundown, Blank, Blue Flame, the Committee, and Channel withdrew their respective objections to the Sale Motion. Due to the necessity that, under the Put Option Agreement, a closing of the proposed sale of, and assumption and assignment of, the Fortune Assets occur on an expedited basis, counsel for the Debtor orally moved the Court to make this Order granting the Sale Motion immediately exigible as permitted under Bankruptcy Rule 6004(g) and no objection to that relief was voiced by any party. The Court hereby authorizes the submission of these written findings of fact and conclusions of law by counsel for the Debtor.

{B0344435.1}

Considering the withdrawal of all objections to the Sale Motion, and the arguments, statements, and representations by all counsel, the record in the Debtor's chapter 11 case, it appearing that it is in the best interest of creditors, shareholders, and the estate that the Sale Motion be granted, the court hereby finds as follows:

**IT IS HEREBY FOUND AND DETERMINED THAT:**

A. This court has jurisdiction over the Sale Motion pursuant to 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). The statutory predicates for the relief sought in the Sale Motion are Sections 105(a), 363(b), (f), (m) and (n), 365 and 1146(c) of the Bankruptcy Code and Rules 2002, 6004, 6006, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

B. Proper, timely, adequate and sufficient notice were given of the Sale Motion, the Sale Hearing, and the transactions contemplated in the Sale Motion, including but not limited to exercising the put under the Put Option Agreement and thereafter transferring the assets to Sundown in accordance with Sale Motion and Put Option Agreement (sometimes collectively referred to hereinafter as the "Transaction").

C. Other than this Order, no consents or approvals are necessary for the Debtor to consummate the Transaction.

D. Approval of the Transaction in accordance with the terms of this Order is in the best interests of the creditors of this chapter 11 case.

E. The Debtor has demonstrated good and sufficient business and other reasons to justify the consummation of the Transaction.

{B0344435.1}

      F.      A reasonable opportunity to object or be heard with respect to the Sale Motion and the relief requested therein has been afforded to all interested persons and entities.

      G.      The terms and conditions of the Transaction were negotiated and proposed by the Debtor and Sundown without collusion, in good faith, and from arm's length-bargaining positions. No party has engaged in any conduct that would cause or permit the Transaction to be voided under 11 U.S.C. § 363(m) or other applicable law or rules.

      H.      Sundown is a good faith purchaser within the meaning of Section 363 of the Bankruptcy Code, 11 U.S.C. § 363(m) and, as such, is entitled to all of the protections afforded thereby. Sundown is also a good faith party to the Transaction.

      I.      The consideration provided by Sundown for the Transaction (a) is fair and reasonable, (b) is the highest and best offer available under the circumstances, and (c) constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code and other applicable law.

      J.      Accordingly, the Court will enter a separate Order in accordance with these findings of fact and conclusions of law.

      SIGNED at Baton Rouge, Louisiana, this 20th day of September, 2005.

*J. A. Brown*
_____
UNITED STATES BANKRUPTCY JUDGE

{B0344435.1}